*E-Filed 4/30/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM HERSHEY, et al., | NO. C 09-80074 MISC. JF (RS) |
| Plaintiffs, | **ORDER DENYING MOTION TO QUASH** |
| v. | |
| CAPITAL REALTY SERVICES, LLC, et al., | |
| Defendants. | |

Plaintiffs and defendants are engaged in litigation in the Eastern District of Michigan. Plaintiffs served a subpoena *duces tecum* for a deposition and documents on non-party G. Jan Beekhuis, a resident of Alamo, California. Plaintiffs maintain that Beekhuis is a material witness whose testimony and records should be preserved and authenticated in the event that he does not appear for trial scheduled for August 2009. As of the date of this order, Beekhuis has not responded to plaintiffs' subpoena, made any objections, or filed an opposition. *See* Fed. R. Civ. P. 45(c)(2)(B) (providing that a non-party served with a subpoena may make objections to it within fourteen days after service or before the time for compliance, if less than fourteen days).

Defendants objected to the subpoena and move to quash it. They contend that the subpoena should be quashed because discovery has closed in the Eastern District of Michigan, and because Beekhuis has promised to appear at trial to testify and is, therefore, not "unavailable." In the alternative, defendants request that the Court quash the subpoena to the extent it requests the production of documents. In response, plaintiffs argue that defendants lack standing to quash the

subpoena, and that a deposition to preserve testimony for trial can be taken despite the close of discovery.

Assuming defendants have standing to challenge the subpoena at issue,[1] whether or not a deposition is characterized as falling inside or outside the discovery period, a discovery scheduling order is not ironclad, especially when there is no way to preserve Beekhuis' testimony for trial if he decides not to attend. If the subpoena is quashed, no testimony will be available for a witness both sides have listed as possessing relevant information for trial. Beyond the apparent need for such testimony, there has been no showing of any unfair prejudice on defendants were the deposition of Beekhuis to proceed. Both sides have long known of his connection to the case and trial in this action remains many weeks away.[2]

The discovery cut-off notwithstanding, defendants fail to meet the requirements of Rule 45(c)(3) in any event. Rule 45(c)(3) lists the grounds upon which a Rule 45 subpoena may be quashed or modified: (1) failure to allow a reasonable time to comply; (2) requiring a nonparty to travel more than one hundred miles; (3) disclosure of privileged or other protected matter; and (4) undue burden. Here, plaintiffs allowed three weeks for compliance with the subpoena and even offered to change the date if it was not convenient. The scheduled deposition also is close to Beekhuis' residence in Alamo, California. Defendants have made no assertion that the deposition or the requested documents are privileged or protected, and they make no argument of undue burden. Because defendants have failed to establish that any of the circumstances set forth in the Rule 45(c)(3) are applicable, the motion to quash must be denied. The deposition of Beekhuis, therefore,

---

[1] A party, who otherwise has no right to challenge a Rule 45 subpoena, may move to quash upon a showing that the party has a personal right, privilege, or applicable privacy interest in the materials to be produced. *Broadcort Capital Corp. v. Flagler Securities, Inc.*, 149 F.R.D. 626, 628 (D. Colo. 1993). Based on a review of the subpoena and the facts represented in the papers, defendants may have a personal right with respect to information contained within the files and records of Beekhuis. Moreover, at least one court has determined that a personal right or privilege may exist if a subpoena is issued after the close of discovery. *Peterbilt of Great Bend, LLC v. Doonan*, No. 05-1281-JTM, 2006 WL 3193371, at *2 (D. Kan. Nov. 1, 2006). This right, however, merely gives defendants the ability to move to quash the subpoena or otherwise object.

[2] Even if this subpoena is properly deemed a discovery event, a discrete deposition to preserve testimony for trial may be permitted, and the reopening of discovery for this limited purpose is reasonable.

may proceed at a mutually convenient time for the parties and the witness, and the subpoenaed documents are to be produced as requested.

IT IS SO ORDERED.

Dated: 4/30/09

RICHARD SEEBORG
United States Magistrate Judge

ORDER DENYING MOTION TO QUASH
C 09-80074 MISC. JF (RS)

3